# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1469

_____

| | | |
|---|---|---|
| Gina Davis, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Mille Lacs Band of Chippewa | * | Appeal from the United States |
| Indians; James Genia, individually, | * | District Court for the District of |
| and in his official capacity as Tribe | * | Minnesota. |
| Solicitor General and supervisor | * | |
| of the Mille Lacs Tribal Police | * | [PUBLISHED] |
| Department; R. James Bankey, | * | |
| individually, and in his official | * | |
| capacity as Chief of Police of the | * | |
| Mille Lacs Tribal Police Department, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: October 18, 1999

Filed: October 22, 1999

_____

Before BOWMAN, BEAM, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Gina Davis, a member of the Mille Lacs Band of Chippewa Indians (the Band), filed this lawsuit in federal district court[1] against her former employer, the Band, its solicitor general, James Genia, and the Band's chief of police, R. James Bankey, alleging eight separate causes of action under various federal and state laws.

The district court stayed Davis's action, pending exhaustion of tribal court remedies. Davis then filed an action in the Band's Court of Central Jurisdiction (Tribal Court). After a decision by the Tribal Court dismissing all of Davis's claims, except the claims against Bankey, brought under Band law,[2] Davis moved for entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b), so as to immediately appeal the Tribal Court's decision. A final judgment was issued by the Tribal Court. Davis's attorney, however, failed to file a notice of appeal in a timely manner. The Tribal Court denied Davis's request for an extension of time to file her notice of appeal on the grounds that the motion was untimely and that there was no excusable neglect for the delay. The Court of Appeals of the Court of Central Jurisdiction (Tribal Court of Appeals) affirmed the denial and also permanently disbarred Davis's attorney from practicing before the Court of Central Jurisdiction.

The Band and Genia then moved for dismissal of the case in federal district court.[3] The district court granted the motion to dismiss on the grounds that: (1) Davis

[1]The Honorable Donald D. Alsop, United States District Judge for the District of Minnesota.

[2]The Tribal Court had allowed Davis to twice amend her complaint to add equal protection claims under Band law.

[3]Bankey did not join in the motion for dismissal.

-2-

had failed to exhaust her tribal court remedies and the record did not show any evidence of bias or bad faith by the tribal courts so as to excuse the failure to exhaust; and (2) the Tribal Court properly exercised jurisdiction over the action, thus precluding the district court from re-examining the Tribal Court's holding.[4]  Davis appeals.

A party must exhaust his or her tribal court remedies before a case may be considered by a federal district court.  See  National Farmers Union Ins. Cos. v. Crow Tribe, 471 U.S. 845, 857 (1985); Duncan Energy Co. v. Three Affiliated Tribes, 27 F.3d 1294, 1300 (8th Cir. 1994).  "At a minimum, exhaustion of tribal remedies means that tribal appellate courts must have the opportunity to review the determinations of the lower tribal courts."  Iowa Mut. Ins. Co. v. LaPlante, 480 U.S. 9, 17 (1987).  Once all tribal remedies are exhausted, a  federal district court has jurisdiction under 28 U.S.C.  § 1331 to review the tribal court's finding of tribal jurisdiction.  See National Farmers, 471 U.S. at 857; Duncan, 27 F.3d at 1300.   If the federal court decides the tribal court properly exercised jurisdiction over the controversy, proper deference to the tribal court system precludes relitigation of the issues raised and resolved in the tribal courts.  See Duncan, 27 F.3d at 1300.

Davis first argues that exhaustion of tribal remedies is not required in this instance  because the Band has explicitly waived its sovereign immunity for the type of claims alleged in her complaint.  We disagree.  We do not read a purported waiver

_____

[4]The district court also ordered Davis to show cause why her claims against Bankey should not be dismissed without prejudice.  After being informed by Davis that her only remaining claim against Bankey was the equal protection claim asserted under Band law, the district court subsequently dismissed the claim without prejudice.

of sovereign immunity by the Band as doing away with the exhaustion requirement. In fact, the Supreme Court has stated that the issue of a tribe's sovereign immunity is the very kind of question that is to be decided in the first instance by the tribal court itself. See National Farmers, 471 U.S. at 855-56 ("[T]he existence and extent of a tribal court's jurisdiction will require a careful examination of tribal sovereignty . . . . We believe that examination should be conducted in the first instance in the Tribal Court itself."); Duncan, 27 F.3d at 1299.

Davis next argues that the exhaustion doctrine has been improperly applied because the Tribal Court of Appeals had the opportunity to rule on the merits of her case but refused to hear her appeal. Again, we disagree. In its decision, the Tribal Court of Appeals noted that it simply had no authority under Band law to permit the late appeal. We do not think that the exhaustion requirement has been satisfied when the absence of tribal appellate review stems from the plaintiff's own failure to adhere to simple deadlines. Finally, Davis argues that the exhaustion requirement should be excused because the Tribal Court is biased and it exercised jurisdiction over her case in bad faith. Having carefully reviewed the record, we agree with the district court's conclusion that there is no support for Davis's claim of bias or bad faith on the part of the tribal court system.

Because we affirm the district court's decision on the basis of Davis's failure to exhaust her tribal remedies, we do not reach the merits of the district court's alternative holding that the Tribal Court properly exercised jurisdiction over the case.

For the foregoing reasons, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.